# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:16-cr-00036 |
| | ) | Judge Trauger |
| JEFFREY LYNN WALKER | ) | |

## ORDER

This case has been randomly reassigned to the undersigned Judge.

Pending before the court is Defendant's Motion For Early Termination Of Supervised Release (Docket No. 6). Through the Motion, the Defendant requests that the court terminate the remainder of his three-year term of supervised release, which began in June, 2015. The Government has filed a Response (Docket No. 11) in opposition.

Subsection 18 U.S.C. § 3583(e)(1) permits the termination of supervised release after one year if a Defendant's conduct warrants such a termination:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) --
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

Section 3553(a) requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release.[1] *See United States v.*

---

[1] The Section 3553 factors referred to in Subsection 3583(e)(1) include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the

*Suber*, 75 F. App'x 442, 444 (6th Cir. 2003).

The Defendant pled guilty on October 6, 2011, in the District Court for the Southern District of Mississippi, to wire fraud and filing a false income tax return. (Docket Nos. 2, 2-1, 2-1). At the subsequent sentencing hearing, on May 1, 2012, the Defendant was sentenced to a total term of 41 months of imprisonment, and three years of supervised release. (Docket Nos. 2, 2-4). The Defendant was ordered to pay $2,045,000 in restitution. (Docket No. 2-4). The record reveals that no appeal was taken. Jurisdiction of the Defendant's case was transferred to this District on March 8, 2016. (Docket No. 1).

Through the pending Motion, the Defendant argues that he is a good candidate for early termination of supervised release because he is gainfully employed, has a stable home life, has no substance abuse or mental health issues, does not have an extensive criminal history, and has been compliant with supervision in all respects. The Defendant indicates that the conditions of supervision prevent him from visiting his elderly parents and children without prior approval, and impede his ability to travel as needed for his employer and prevent him from being considered for promotion. The Defendant points out that an increase in his income would enhance his ability to fulfill restitution and child support obligations. To support his request, the Defendant has filed letters from his employers attesting to his work performance, as well as

---

sentence imposed to afford adequate deterrence to criminal conduct; protection of the public from further crimes of the defendant; the most effective manner for providing the defendant with needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and the sentencing range established under the Sentencing Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

letters from friends and family attesting to his character and successful rehabilitation.

In its Response, the Government argues that the Defendant's supervised release should not be terminated based on the seriousness of his crime, the need for continued supervision of the Defendant's financial conduct, and the failure to establish an exceptional reason for termination. The Government contends that, by accepting employment in Nashville, the Defendant should bear the burden of any travel restrictions resulting from supervision.

Having considered the factors set forth in Section 3553, and having spoken with the Defendant's supervising probation officer, who is in support of this Motion, the court concludes that the length of time the Defendant has been on supervision, his overall compliance with the conditions of supervision, his employment history, and the interest of justice warrant early termination of supervised release in this case. Early termination of supervision will also enable the Defendant to seek promotions in his employment, which will help him continue to fulfill his restitution obligations. Accordingly, the Motion is GRANTED.

It is so **ORDERED.**

This 28th day of July 2017.

_____
ALETA A. TRAUGER
U.S. District Judge